### 2297.   WHITE *v.* ADAMS *et al.*

The sale of land involved in the present case was by the tract, and not by the acre. Under the peculiar facts of the case and the stipulations of the parties, the judge should not have held as a matter of law that the abatement of the purchase-price should be calculated by mere comparison of the number of acres described in the bond for title with the admitted deficiency.

Complaint; from city court of Covington—Judge Thurman presiding. November 12, 1909.

Argued February 22,—Decided June 14, 1910.

*Middlebrook, Rogers & Knox,* for plaintiff.

*F. C. Foster,* for defendants.

POWELL, J. 1. The plaintiff sued on certain promissory notes given for the purchase-price of land for which he had executed to the defendants a bond for title, in which the land was described in the following language: "All that tract or parcel of land, situate, lying, and being in the county of Newton, said State, and containing forty-two acres, more or less, bounded as follows: Northeast by William Lazenby; west by Robert Jackson; south by the Carmel Land & Improvement Company, and H. H. Armstrong's estate; east by J. H. Roquemore, Jr." This was plainly a sale of land by the tract, and not by the acre. *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41).

2. If the case were not extraordinary, in that the plaintiff's counsel state in their briefs and argument that they conceded at the trial, and now concede, that the plaintiff is willing to allow a fair abatement of the purchase-price, it would be easy to control

the case by saying that where the sale of land is by the tract, no apportionment of the purchase-price can be had on account of a deficiency, unless both fraud and deficiency are shown. *Finney* v. *Morris*, 116 *Ga.* 758 (42 S. E. 1020). It appears that the defendants had not only equal means with the plaintiff of knowing the contents of the tract, but that they actually had superior opportunities to know. But the plaintiff stands willing to make a fair abatement, though the law allows none. The question is: what is fair in such a case? In ordinary cases it would be fair to deduct from the purchase-price a sum derived by multiplying the number of acres in the deficiency by the average price per acre. But there are exceptional and extraordinary cases in which this rule does not apply. Compare the concluding statement at the end of the paragraph at the bottom of page 352 in the case of *Kendall* v. *Wells, supra.* The present case is extraordinary and exceptional. It is an action at law. Law says there shall be no abatement. The plaintiff says: "I will do more than the law requires; I will concede a fair abatement." It seems fair to determine the matter on equitable principles.

The parties supposed that the tract contained 42 acres; in fact it contained only 28.26 acres, creating a deficiency of 13.74 acres. The price paid for the land was $4,200, an average of $100 per acre. The land was very irregular in shape. It lay in the town of Mansfield. Four acres of it fronted on Poplar street and was, on account of its availability for building purposes, worth more than $200 per acre. The remainder, for the greater part, lay in field and woods to the rear of these front lots and to the rear of other building lots which had previously been cut off. Now one can readily see that if a person should own a tract which he represented to contain 5 acres, on which was situated a country residence worth $9,000, and should sell the tract, including the house, for $10,000, and it turned out that there were only 4 acres, it would not ordinarily be fair and equitable to abate the price $2,000.

As the judge directed a verdict allowing a deduction of $1,374, thereby holding, as a matter of law, that the abatement on account of the deficiency should be based on the calculation of multiplying the number of acres in the deficiency by the average price per acre, we must decide the case on the theory of the evidence most favor-

able to the plaintiff. The jury might have found that the defendants got exactly what they expected to get, so far as the four acres fronting on Poplar street are concerned, and that the deficiency lay entirely in the field and woodland, which was the less valuable portion of the tract. If so, the jury should have been allowed to make the abatement of the purchase-price on this basis: Assume $4,200 as representing what the tract would have been worth if it had contained 42 acres in all—if there had been 4 acres of frontage and 38 acres of the remainder,—and say how much less valuable proportionately the tract would have been worth as a tract, if, instead of 42 acres in all, there were only 28.26 acres, but without any deficiency in the frontage. On the other hand, the jury might have found that the knowledge of the defendants was as imperfect as to one portion of the tract as it was concerning the remainder. If so, they should find in accordance with the rule adopted by the trial judge. As Chief Justice Bleckley said in *Estes* v. *Odom,* 91 *Ga.* 600, 609 (18 S. E. 355) : "Knowledge of boundaries need not involve knowledge of acreage or superficial area."

We may take occasion to say, before concluding this opinion, that the defendants claim that the sale was by the acre, and not by the tract; that the description in the bond for title was placed therein by mutual mistake. If so, it should be reformed; and we suggest that, if this view of the transaction is to be insisted on, a court of equity, and not a court of law, is the proper forum. It is not yet too late to file a bill in equity.     *Judgment reversed.*