## 2994.   MILNER *v.* TYLER.

1. Where a bond for title, after locating a tract of land as being in a given county and district, describes it as follows: "Seventy-five acres of land, more or less, in one body bounded [by certain definitely described boundaries]," it was a sale by the tract, and not by the acre.
2. Where the vendee in possession under a bond for title containing a description such as that set forth in the preceding headnote seeks to de-

fend against an action brought to recover a portion of the purchase-price, on the ground that the tract contained only fifty-five acres by actual survey, the burden is upon him of showing that the vendor in making the sale perpetrated actual fraud upon him, though the amount of the deficiency in acreage is a circumstance to which the jury may look, together with all the other evidence, in determining whether there was actual fraud or not.

3. The verdict was contrary to the evidence.

DECIDED SEPTEMBER 11, 1911.

Complaint; from city court of Forsyth—Judge Clark. September 10, 1910.

*R. W. Milner, R. L. Williams Jr.,* for plaintiff.

*J. M. Fletcher, A. M. Zellner,* for defendant.

RUSSELL, J. The plaintiff sued upon a promissory note for $200, representing the unpaid balance of the purchase-price—$650—which the defendant was to give for a tract of land as to which he held a bond for title containing the description set forth in the first headnote. The defendant pleaded that the tract contained only fifty-five acres, and claimed an abatement of the purchase-price accordingly. The jury "split the difference" between the parties, and gave the plaintiff judgment for only $100. The charge of the court is not in the record, but the trial judge certifies as being true a ground of the motion for new trial which complains that the court neglected and refused to charge the jury that the sale was by the tract or body, and that, to be entitled to an apportionment or rescission, the vendee would have to show intentional fraud and deception on the part of the vendor. The vendee is not entitled to an apportionment of the purchase-price unless both fraud and deficiency are shown. *White* v. *Adams, 7 Ga. App.* 764 (68 S. E. 271), and cases cited therein. Even though the quantity is specified as "more or less," a gross deficiency may be sufficient to justify a finding of wilful deception or of mistake amounting to fraud, so as to authorize "an apportionment of the price according to relative value." Civil Code (1910), § 4122. The deficiency in such cases is not conclusive of fraud, but is evidentiary of it. The apportionment when made should be in accordance with the rule of relative value. There are cases where the apportionment according to relative value is not to be determined by a mere comparison of the number of acres described in the bond for title with the admitted deficiency, though that is the ordinary rule by which the calculation is to be made. See *White* v. *Adams,* supra. In this case there

was nothing in the evidence to justify a calculation otherwise than according to the ordinary rule. So that, if the jury found that there was fraud, they should have found an abatement of the purchase-price sufficient in amount to have prevented any recovery by the plaintiff, as there was no dispute as to the amount of the deficiency in acreage. On the other hand, if the jury did not find there was fraud, they should have found for the plaintiff for the full amount sued for. The finding in favor of the plaintiff for any sum is, under the facts of the case, equivalent to a finding that there was no fraud. Hence, the verdict, which made a mere arbitrary deduction in the purchase-price, is contrary to the law and the evidence. *Judgment reversed.*