### 11679. MARTIN *v.* HUTCHINSON.

BROYLES, C. J. 1. While a party seeking to prove a fact should, on demand of the other party, be required to produce the highest and best evidence of the fact, yet parol evidence of a *collateral* fact which is also evidenced by writing is sometime admissible. 2. Jones on Evidence (1st ed.), 193, § 203; *Pollock* v. *Skelton*, 15 *Ga. App.* 1, 13 (82 S. E. 381). See also *Mason* v. *State*, 1 *Ga. App.* 534(4) (58 S. E. 139). Moreover, substantially the same evidence the admission of which is complained of in the 4th ground of the motion for a new trial in the instant case was admitted elsewhere upon the trial without being objected to; and therefore the admission of the testimony complained of, even if error, does not require a new trial.

2. Construing the evidence (as this court must) most strongly in favor of the verdict, it can not be said that the finding of the jury for the full amount sued for is without any evidence to support it; and, that finding having been approved by the trial court, this court is without jurisdiction to set it aside.

3. The remaining grounds of the motion for a new trial, not having been

argued in the brief of counsel for the plaintiff in error, are treated as abandoned. The following statement in the brief of counsel, to wit, "the remaining grounds of the motion for a new trial relate either to evidence bearing upon the general custom of the trade, or the charge of the court thereon, and, upon all of these phases of the case, we insist that the court committed error for all of the reasons assigned," does not amount to an argument. See, in this connection, *James* v. *Boyett*, 19 *Ga. App.* 157 (91 S. E. 219), and citations.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Complaint; from city court of Valdosta — Judge Cranford. June 11, 1920.

*Whitaker & Dukes,* for plaintiff in error.

*Dan. R. Bruce,* contra.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*