*J. Herman Milner, Walter A. Sims,* contra.

20898. ZITTROUER *v.* ZITTROUER, administrator.

JENKINS, P. J. 1. While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but although appropriate, inadequate to support another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (3) (108 S. E. 311); *Speir* v. *Westmoreland*, 40 *Ga. App.* 302 (3) (149 S. E. 422); *Carpenter* v. *Williams*, 41 *Ga. App.* 685, 691 (154 S. E. 298).

2. A petition which sets forth a cause of action, including a claim for damages such as would properly flow to the petitioner under the case as laid, but which states a wrong method of measure by which the amount of such damage is arrived at, is subject to special demurrer, but not to general demurrer, since it is permissible on the trial of the case to prove the proper damages alleged and to measure them according to the true and correct method. *Ford* v. *Fargason*, 120 *Ga.* 708 (6) (48 S. E. 180); *Bank of Bullochville* v. *Riehle*, 36 *Ga. App.* 470, 474 (137 S.

E. 642); *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (5) (140 S. E. 763); *Central of Ga. Ry. Co.* v. *Greene*, 41 *Ga. App.* 794, 799 (154 S. E. 809).

3. In the instant suit against the administrator of a deceased person, in which it was alleged that the defendant's intestate, in consideration of certain services to be thereafter rendered by the plaintiff in nursing and caring for him and in looking after his business, entered into a contract with the plaintiff to give the plaintiff his farm, consisting of described lands, and the petition set forth full performance of the contract by the plaintiff, and that the defendant's intestate thereafter died without having made a will in favor of the plaintiff or having executed a deed to the property, and specifically set forth that the failure of the intestate to "so provide as faithfully promised is the breach .complained of," a cause of action was set forth, and it was error to dismiss the petition on mere general demurrer. See, in this connection, *Banks* v. *Howard*, 117 *Ga.* 94 (43 S. E. 438). The fact that the plaintiff, while relying upon a breach of the express contract, set forth the value of the services rendered by the plaintiff, and also set forth certain items of expense incurred by the plaintiff. in the operation of the farm, placing the damage to the plaintiff as the aggregate of all such items, including that for service rendered, and prayed for a judgment "for said several sums of money," amounted to nothing more than an erroneous statement of the measure of damages, which, under the rulings stated above, would not render the petition subject to general demurrer.

*Judgment reversed.* *Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*C. T. Guyton, H. R. Tarver Jr.,* for plaintiff in error.
*Ulmer & Dowell, Gordon Saussy, H. Sol Clark,* contra.