23954. BRIDGES *et al. v.* RAMSEY SIGN SERVICE COMPANY.

MACINTYRE, J. 1. An action for $227.50, upon an account alleged to be due "for goods, wares, and merchandise sold by the plaintiff to the defendants, at their special instance and request, copy of which is hereto attached marked exhibit A, and made a part of this petition by reference thereto," which exhibit shows that the plaintiff is a sign-service company with highway bulletins in Georgia, and that the defendants are due the plaintiff said sum for rental on certain bulletins for advertising purposes, the exhibit being sworn to by an officer of the plaintiff company and reciting that the "articles for services mentioned" in the account "were sold and delivered, or rendered to the" defendants "at their special instance and request, and that they promised to pay the sum therein charged," and which action is later amended to show that since the date of the filing of the suit the defendants have become indebted to the plaintiff for "monthly rent" of said bulletin service in the further sum of $307.50, was properly construed as an action on account for services rendered in the form of bulletin advertising service for which the defendants are due the plaintiff said sums as rental; and whether the petition was construed as a quantum meruit or a quantum valebat, the action would still be one of indebitatus assumpsit. Gould on Pleading (6th ed ), 48, 49. If the petition be subject to two constructions, and there is no demurrer, then, in determining whether the case has been proved as laid, that construction will be adopted which is most favorable to the assertion of the cause of action in the plaintiff's favor. *New Zealand Fire Insurance Co. v. Brewer*, 29 *Ga. App.* 773 (116 S. E. 922); *Zittrouer v. Zittrouer*, 43 *Ga. App.* 262 (158 S. E. 437).

(a) This being so, the above action was not subject to dismissal as being fatally defective because it was an act on on open account for goods or merchandise sold, when the exhibit attached to the petition and the evidence show that the defendants were due the plaintiff a sum for rent

of sign space upon its bulletins; and the verdict in favor of the plaintiff was not defective, the allegata and the probata not being fatally at variance.

(b) There being evidence to show that the defendants owed said sums to the plaintiff for rental of said highway bulletins at the rate of $25 per month since December 1, 1924, the verdict in favor of the plaintiff was authorized and supported by the evidence.

2. The action was not a nullity because the evidence showed that there was a written contract between the parties, from which it appeared that the defendants had rented said bulletin service of the plaintiff. The action was properly construed as one for rent of the bulletin space of the plaintiff, and the written contract was proper evidence to show that the defendants had so rented said bulletins and at the alleged monthly rental of $25 for the alleged time.

3. The court did not err in charging the jury that the case submitted to them for determination and consideration was a suit on open account, that the plaintiff contended that it entered into a contract with the defendants to render services in furnishing certain signs, designating the number of signs at different places, and that they were to receive for that service a certain amount per year, said amount being set out in the petition, and that it rendered said services, and the defendants were due it the amount claimed in the petition. This was a statement by the court of the plaintiff's contention, and was substantially a correct statement.

4. The court did not err in charging the jury that the defendants, in response to the complaint of the plaintiff, deny that they are indebted in the amount claimed or in any amount, and say that while they entered into a contract with the plaintiff to do certain work or render certain services the plaintiff failed to render such services, and for that reason the defendants are not indebted in the amount claimed by the plaintiff or in any other amount. This was not a misstatement of the contentions of the defendants, because they really contended that the plaintiff carried out the contract for one year, for which they had fully paid it, but that it did not carry out the agreement for the next two years, and that it was not paid for these two years because of its failure to perform the services. The court substantially outlined the defendants' contentions; and had they desired a more full statement thereof, they should have duly and properly requested the court to give the same. The charge of the court, as a whole, was fair.

5. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J, concur.*

Decided December 18, 1934. Rehearing denied March 1, 1935.

*Curry & Curry*, for plaintiffs in error.
*William K. Miller, Lester & Whatley*, contra.

585

ON MOTION FOR REHEARING.

MACINTYRE, J. The plaintiff could sue under the form prescribed by the act of 1847 (Ga. L. 1847, p. 203). See *Talbotton R. Co. v. Gibson,* 106 *Ga.* 229, 234 (32 S. E. 151); *Southern Printers Supply Co. v. Felker,* 125 *Ga.* 148 (54 S. E. 193). "Where there is a special contract which has been performed on one side, and there is nothing left to be performed but payment on the other, a recovery can be had either upon the contract or upon a general indebitatus assumpsit or quantum meruit. *Hill* v. *Balcom,* 79 *Ga.* 444 (5 S. E. 200). See also *Chapman* v. *Conwell,* 1 *Ga. App.* 212, 215 (58 S. E. 137). Under the contract in the instant case, the defendant was to pay the plaintiff stated amounts per month for a period of three years for "bulletin rent." The contract was severable (*Hill* v. *Balcom,* supra); and when the plaintiff had performed its obligations under it for twenty-one months, the event had happened which fixed the liability of the defendant for these months, and nothing remained to be done as to these months but payment by the defendant. When the case was brought, the defendant was due the plaintiff pay for "bulletin rent" for twenty-one months, and only for that time. Before the trial of the case the three years for which the contract was to run had expired, and after said time had expired the plaintiff, without objection, amended the petition by suing for the "bulletin rent" due for the remainder of said three years. The effect of the amendment was merely to sue for other sums which had become due and payable when the amendment was made, which sums, together with the sums originally sued for, totaled the entire amount due at the expiration of the contract. The amendment in no wise militates against the plaintiff's right to recover, and the case is controlled in principle by the decisions above cited. The plaintiff was entitled to recover under the pleading and the evidence.                                   *Rehearing denied.*