31467.  HALLIBURTON *v.* COLLIER *et al.*

Decided June 18, 1947.

318

*Lewis & Sell,* for plaintiff in error.

*T. A. Jacobs Jr., J. J. Gaulier,* contra.

TOWNSEND, J. (After stating the foregoing facts.) As disclosed by the record, the motion for new trial was filed within 30 days and during the term at which the trial was had.

The bill of exceptions recites that the "case proceeded to verdict and judgment [on January 24, 1946] in favor of the plaintiffs, at the *December Term* 1945." January is in the December Term. (See Ga. L. 1946, p. 797). Moreover, the bill of exceptions avers, that the motion for new trial was made "within the time prescribed by law," and that the judge certifies that "the same is true." Without passing upon whether or not the bill of exceptions was originally imperfect, even if so, the amendment offered thereto contains only allegations, the correctness of which are disclosed by the record itself, and as amended is not subject to dismissal. The plaintiff in error, under these conditions, is entitled to amend her bill of exceptions. Code, §§ 6-1309, 6-1401; *Summerlin* v. *State,* 130 *Ga.* 791 (61 S. E. 849).

The proffered amendment to the bill of exceptions is allowed and the motion to dismiss the same is overruled.

Part 1, section 2 of the brief for plaintiffs in error, herein points out, that the separate assignments of error, as contained in the amendment to the motion for new trial, present questions of law for decision by this court as follows:

"1. Whether a verdict and judgment for the plaintiff in error were demanded as a matter of law.

"2. Whether the verdict and judgment are contrary to law, as being in excess of the amount prayed in the petition, when the prayer was for One Thousand Seven Hundred ($1700) Dollars and the verdict and judgment were for One Thousand Seven Hundred Fifty ($1750) Dollars.

"3. Whether the verdict and judgment were contrary to the weight of evidence, and so strongly and decidedly against the

weight of evidence as to indicate prejudice, bias or gross mistake on the part of the jury.

"4. Whether the defendants in error could recover in an equitable action to enjoin the execution of a power of sale and for the abatement of the purchase price of property when they were in default on the payment of a deed to secure a debt on the property.

"5. Whether the petition stated a cause of action after the defendants in error elected to stand on the second count of their petition.

"6. Whether the verdict and judgment were contrary to law in that they were decidedly and strongly against the weight of the evidence and were in excess of the sum asked by the petition, where the petition asked for a reduction according to the relative value of the land alleged to have been lost, and the verdict and judgment are for a sum almost equal to the entire value of the land, and are not limited to the value of the portion alleged to have been lost.

"7. Whether that part of the charge of the Court below was error, as follows: 'Now in this second count on which only the defendant (plaintiffs) rely, they contend that they purchased a lot of land in East Macon, with the definition which I have just read you, that there was actually delivered to them only 73 feet front on Main Street and the property did not run back to the alley, that it had no frontage on the alley whatever, and that in consequence of that the plaintiffs have not received the land they bargained for, in other words their contention is there was a shortage in the quantity of land delivered to them as compared with the quantity of land which they bought, and they contend that they were misled by the fraudulent act of the defendant or her agent into believing they were getting all of the land they thought they bought; they contend that they are entitled at your hands to a verdict representing the difference in value between what they ought to have got, as they contend, and what they actually did get. They say that that difference amounts to $1750—$1700, I believe—according to the pleadings—that the land which was actually delivered to them, which they got, and the only land which the defendant could have deeded to them, was worth only $2000, and that the land which they failed to get because it was a part of Norris Street, was worth $1750 and they ask at your hands a

verdict for $1700 credit on the original purchase price and would bring the purchase price down to about $2000;' it being contended that said charge is confusing, constitutes a misstatement of the contentions of the parties, and is without evidence to support it.

"8. (a) Whether the court erred in charging the jury as follows: 'Of course, if as a matter of fact the plaintiffs got less land than they bargained for by the contract, the written contract, why then they would be entitled to recover the difference between the two amounts, the amount they agreed to pay and the value of the land which they actually got. That is a question of fact for you to determine. You find out whether or not they got less land than the contract authorized them to get. Now in the consideration of that question you will have that contract out with you, the contract of sale and the deed; there are descriptions there and if those descriptions are followed in the deed to the plaintiffs, why then they got all the land they bargained for;' it being contended that said charge is an incorrect statement of the law and an incorrect statement of the contentions of the parties, and (b) whether the court erred in failing to charge as to the legal effect of the written instruments.

"9. Whether the charge of the court was erroneous as follows: 'If the difference between the measurement of 100 feet and the measurement set out in the contract is so gross, so great as to lead you to suspect that there was fraud in the transaction, why then you could take that into consideration and settle on the 100 feet; but if there is nothing in the circumstances of the transaction that would arouse any suspicion of fraud, if the parties had an equal opportunity to know what the frontage was, and if the defendant thought that there was 100 feet between there, and that the difference between the 100 feet and the 73 feet was not so great as to justify you in suspecting a fraudulent purpose in naming these boundaries and describing them, the plaintiffs would be able to get only between the boundaries, whatever the boundary is 73 feet or 100 feet.' It being contended that said charge incorrectly states a principle of law, is an expression of opinion by the trial judge, is not adjusted to the issues and confused and misled the jury.

"10. (a) Whether the court erred in charging the jury as follows: 'Now, under the law, boundaries—fixed boundaries, will prevail in ascertaining the proper construction of the contract of sale, of the deed and of the mortgage; if there was fraud in the transaction and there was a deficiency in the amount of the land, a difference between the description in the deed, or the contract of sale—they all follow the same description—and the amount of land actually received by the plaintiffs in this case, they would have a right to have the purchase price abated to the extent of that difference;' and (b) whether the court erred in failing to charge as to types of fraud.

"11. Whether the charge of the court with reference to the courses and distances was error, as follows: 'The expression "more or less," to a fixed boundary on a map will cover any discrepancy not so gross as to make the jury suspect that there was fraud in the transaction. If there was a deficiency between a distance of 100 feet named in the contract and the 73 feet actually on the land, if that difference was so great as to make you suspect that there was fraud on Mr. Gledhill's part in naming that distance, and that he intended to defraud and misrepresent the situation to the plaintiffs, why then that would amount to fraud;' it being contended that said charge constitutes an expression of opinion, incorrectly states the principle of law involved and intimates that one of the contended issues had been proven."

These special assignments will be discussed in this order.

■ The recovery in this case, if to be had at all, would have to be authorized by §§ 29-201, 29-202 of the Code as follows: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold cannot be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." § 29-201. "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." § 29-202. The case

of *Mangham* v. *Cobb,* 160 *Ga.* 182 (127 S. E. 408), holds as follows: "Where a city lot of land is sold in a body as containing a frontage of a certain number of feet, 'more or less,' and both parties have equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold will not be apportioned; aliter where the vendor in the course of the sale is guilty of actual fraud in representing the frontage. An allegation that the vendor's representation at the time of the sale, as to the width of the lot, was false within his knowledge, and was acted on by the vendee to her injury, is a charge of actual fraud. If she was fraudulently induced to buy a lot of width less than the vendor represented it to be, she was entitled to a reduction of the purchase-money in the proportion that the deficiency in frontage bore to the frontage bargained for." The case of *Gibson* v. *Alford,* 161 *Ga.* 672 (2c) (132 S. E. 442), holds as follows: "Where a vendor agrees to sell a designated tract of land to another and points out to the latter its boundaries, and the purchaser relies upon the representations of the vendor as to the boundaries, and where such boundaries include lands to which the vendor has not title, in consequence of which the purchaser loses the same, the purchaser, when sued on notes given for the purchase-money, can set off at law the value of the portion of the land so lost, against the purchase-money. This would be true whether the misrepresentations were designedly made by the vendor to deceive the purchaser, or were innocently made, if the vendee relied upon such misrepresentations in making the purchase and was thereby damaged." In actions for recovery for deficiency in land the measure of damages generally is the pro rata part of the purchase-money paid or to be paid for deficiency with interest. It is not less than this. *Estes* v. *Odom,* 91 *Ga.* 601 (5) (18 S. E. 355). However, where a part of such property may be of greater value than other portions this is not necessarily a fixed rule. *White* v. *Adams,* 7 *Ga. App.* 764 (68 S. E. 271).

As contended by counsel for plaintiff in error, the rule that courses and distances yield to fixed monuments is well established in this State. *Riley* v. *Griffin,* 16 *Ga.* 141 (60 Am. D. 726); *Stewart* v. *Lalimer,* 197 *Ga.* 735 (30 S. E. 2d, 633). But where the vendor in the course of the sale is guilty of actual fraud in representing the boundary line or lines as well as the course and

distance of any of such boundary line or lines of such city real estate lot, if the buyer was fraudulently induced to buy a lot of less width or depth than the vendor represented it to be, the buyer would be entitled to a reduction of the purchase money in proportion to the deficiency such line or lines bore to the line or lines bargained for. *Mangham* v. *Cobb,* supra; *Gibson* v. *Alford,* supra. We think therefore, this assignment of error is without merit.

■ Count 2 of the petition, relied upon by the plaintiffs below, alleged substantially: that the purchase-price of the property in question was $3750; and that by reason of the deficiency of land under the conveyance the part they received was not worth more than $2000; that they were damaged in the sum of $1750; and in paragraph 10, of said petition, prayed for a judgment in this sum. While in the prayer of the petition the figure $1700 is used twice; it will be seen that in this respect the petition is ambiguous and capable of two constructions. In such case and in the absence of demurrer, the construction will be adopted which supports the verdict. *Bridges* v. *Ramsey Sign Service Company, 50 Ga. App.* 583 (179 S. E. 404). The same rule applies in construing the evidence. *Martin* v. *Hutchinson, 26 Ga. App.* 24 (2) (105 S. E. 313). This assignment of error is without merit.

■ ■ These assignments of error are considered together. The Code, § 105-2015, provides as follows: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Section 70-206 provides: "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding." There is evidence in the record authorizing the jury to return a verdict in the amount of $1750. The verdict has the approval of the trial judge and we are unauthorized to hold that it constitutes an abuse of his discretion. The assignment of error is without merit.

■ This assignment of error raises an equitable question. This case first went to the Supreme Court *(Halliburton* v. *Collier, 201 Ga.* 340, 39 S. E. 2d, 698), which court held: "The judgment rendered was not in a suit 'respecting title to land' within the

provisions of art. 6, sec. 2, par. 4 of the Constitution of 1945. Such judgment was in a suit essentially an action at law for the recovery of the value of land. *Grobli* v. *Foreman,* 171 *Ga.* 712 (156 S. E. 622); *Farkas* v. *Stephens,* 181 *Ga.* 669 (183 S. E. 796); *Henley* v. *Colonial Stages,* 184 *Ga.* 445 (191 S. E. 445); *Gilbert Hotel* v. *Black,* 192 *Ga.* 643 (16 S. E. 2d, 435). It therefore appears that all questions for decision are properly within the jurisdiction of the Court of Appeals and not the Supreme Court." It is therefore the law of this case that there is no equity therein, and for this reason this assignment of error cannot be considered by this court.

■ We think this assignment of error is without merit particularly in view of the failure of the defendant below to interpose demurrer to the second count of the petition. On the trial either party has the right to support allegations contained in the pleadings as laid. *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d, 17); *Phillips* v. *Southern Railway Company,* 112 *Ga.* 197 (37 S. E. 418).

■ ■ ■ The excerpts from the charge of the court complained of in these assignments of error when construed together with the whole charge, are not subject to the criticisms pointed out, do not constitute error, and are without merit.

Assignments of error contained in 8(b) and 10(b) are based on failure of the court to charge certain principles but failed to set out the language in which the court should have charged. The same are without merit. *Wiley* v. *State,* 3 *Ga. App.* 124 (59 S. E. 438).

A new trial is not required under the general grounds of the motion.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*