32976. BUICE *et al v.* SMITH.

DECIDED MAY 3, 1950. REHEARING DENIED JUNE 6, 1950.

*Herbert Johnson, Ross Arnold, Henry M. Hatcher Jr.*, for plaintiffs in error.

*Grant, Wiggins, Grizzard & Smith*, contra.

GARDNER, J. ■ (a) We have set out the evidence somewhat in detail, and, while the evidence is conflicting in some respects, it is sufficient to sustain the verdict of the jury on the general grounds.

(b) It is our opinion that the plaintiff offered sufficient evidence to support the allegations of the petition that she (1) was an agent of the defendants in the sale of the house in question at the time of the sale to Mrs. Loner; (2) that Mrs. Loner was the plaintiff's prospect and was so known to the defendants; (3) that the plaintiff expended efforts in the sale of the house; (4) that at the time of the sale the defendants had no right to sell the house without incurring obligations of paying the agent's commission. The jury so found. Counsel for the defendants earnestly urge that we should evaluate the petition and determine the theory upon which the petition is laid, and cite many authorities in support of this contention. We do not think it necessary, for the purposes of this opinion, to construe the petition to this degree. Suffice it to say that the allegata and probata conform, and, in any event, should the petition be ambiguous, the construction must be adopted which supports the verdict. See *Halliburton* v. *Collier*, 75 *Ga. App.* 316 (43 S. E. 2d, 339). Furthermore, in *Bridges* v. *Ramsey Service Co.*, 50 *Ga. App.* 583 (179 S. E. 404), there was no question before us on demurrer to the petition. It follows that the principle of law as laid down by this court—Judge MacIntyre, speaking for the court—prevails. In that case, this language was used: "If the petition be subject to two constructions, and there is no demurrer, then, in determining whether the case has been proved as laid, that construction will be adopted which is most favorable to the assertion of the cause of action in the plaintiff's favor."

It is true that under certain conditions, an owner may sell direct to a purchaser during the life of an exclusive, but the cases cited and relied upon by counsel for the defendants, all

having been read by this court, are not binding upon the facts of the instant case, as reflected by the evidence. This can be readily determined by a reading of the cases. Counsel cite, among others: *Garfunkel* v. *Byck*, 28 *Ga. App.* 651 (113 S. E. 95); *Doonan* v. *Ives*, 73 *Ga.* 295, and *Tidwell* v. *Hines*, 28 *Ga. App.* 806 (113 S. E. 48). Also, it must be remembered that there was no objection properly made to certain testimony, although counsel now contend that certain testimony was harmful to the cause of the defendants. We therefore conclude that the law of the case as to these phases is that expressed in *Washington* v. *Jordan*, 28 *Ga. App.* 18 (109 S. E. 923), as follows: "The law of this case is well settled and is this: If under his contract with the defendant, the plaintiff performed work and rendered services in compliance with the contract, whether *express* or *implied*, and procured, as a result of his services, a customer for the property in question, and the owner, having information that the broker was negotiating with the customer, did himself as owner sell the property to the customer so procured by the broker, although with some modification of the terms on which the authority to sell the property had been given by the owner to the broker, the owner could not thereby defeat the payment of the broker's commission. This would be a fraudulent taking advantage of the broker's labor without paying for it." There is no merit in the contentions of the defendants as to these phases.

■ Special ground 1 complains of the following excerpt from the charge of the court: "Now, that 'during the agency' clause in the law is material in this case because the defendants contend that the plaintiff's agency had not started at the time that the sale took place and that they reserved the right to sell the property themselves up until the house was completed."

Error is assigned on this excerpt because it was misleading and confusing to the jury in that said charge implies that after the house was sold (completed) the defendants did not reserve the right to sell the property themselves and could not sell the property without incurring a liability in commissions to the plaintiff. And further, if the jury found that the house had been completed at the time of the sale, said charge erroneously

authorized the jury to find that the defendants incurred a liability to the plaintiff in selling even to their own prospects.

In view of the charge as a whole, we can not see that this charge was harmful and prejudicial to the defendants in any way. The court fully charged in regard to the life of the agency of the plaintiff in regard to the sale. There is no merit in this contention.

■ Special ground 2 complains of the following excerpt from the charge of the court: "Some of the questions you are to determine in the case are: What was the contract between the parties and if you find that there was a certain contract, did the parties by their conduct alter or amend or create a novation in that contract that would allow the plaintiff to proceed as she contends that she did proceed." Counsel for the defendants refer us to cases cited in support of special ground 1, and further cite the case of *Fields* v. *Bullington*, 20 *Ga. App.* 102 (92 S. E. 653), in support of this contention. To our minds the cases cited do not bind this court to reverse this case because of this excerpt from the charge. There is no case cited where the charge is on all fours with the charge in the instant case. We do not think that the excerpt from the charge, when construed along with the charge as a whole, would warrant this court in deciding that the charge was reversible error.

Since we hold that there is sufficient evidence to sustain the findings of the jury, and since we hold that there is no error in the special grounds, it follows that the court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed.  MacIntyre, P.J., and Townsend, J., concur.*