37241. DAVIS *v.* KENNEDY.

DECIDED JULY 16, 1958—REHEARING DENIED JULY 30, 1958.

*Fulcher, Fulcher, Hagler & Harper, Martin, Snow, Grant & Napier,* for plaintiff in error.

*S. Gus Jones, Neal D. McKenney, Randall Evans, Jr.,* contra.

GARDNER, Presiding Judge. Counsel for the defendant Davis submit that the sole proximate cause of the death of Hubert Kennedy was his release of the tow stick and that because of such negligence the father cannot recover for the death of his son. Counsel argue that the deceased failed to use the required care for his own safety and voluntarily put himself in a risky position. Without going into the many cases cited along this line, we feel that it is sufficient to say that usually all questions of negligence, whose negligence and what negligence are jury questions. The suit asked for the recovery of $20,000 damages. The jury returned a verdict for $3,000 which to our minds showed that they considered every phase of the case in favor of the defendant Davis. We have studied the evidence carefully, keeping in mind that the evidence must be construed most favorably to the party prevailing in the lower court (see *Martin* v. *Hutchinson,* 26 *Ga. App.* 24 (2), 105 S. E. 313), and keeping in mind also that the conflicts must be resolved in favor of the verdict and judgment rendered by the trial court. See *Western & Atlantic R.* v. *Mathis,* 63 *Ga. App.* 172 (10 S. E. 2d 457). We find nothing in the record to show affirmatively that the deceased voluntarily released his hold of the tow stick. Legally we can see no difference between releasing the stick voluntarily or involuntarily, under the record of this case. In any event every phase of the case is presumed to have been considered by the jury.

Under the record as presented here, the trial court did not err in refusing to grant the motion of the defendant Davis for a judgment notwithstanding the verdict.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*