## 40120. GUARANTEE RESERVE LIFE INSURANCE COMPANY OF HAMMOND v. NORRIS.

DECIDED MAY 29, 1963—REHEARING DENIED JUNE 18, 1963.

*J. Cecil Davis, E. Purnell Davis, Fulcher, Fulcher, Hagler & Harper, W. M. Fulcher*, for plaintiff in error.

*Kenneth Goolsby, Randall Evans, Jr.*, contra.

NICHOLS, Presiding Judge. 1. The sole basis of the defendant's motion for a directed verdict on the question of penalty and attorneys fees was that sixty days did not elapse between the demand for payment and the filing of the action. As shown from the pleadings quoted the defendant admitted a demand and that on December 21, 1961, it denied liability under the policy and had failed and refused to pay at all times since. In response to a separate paragraph of the petition the defendant denied that sixty days had elapsed between the demand and the date of filing suit. Where an answer both admits and denies

an allegation of a petition the admission and not the denial controls. See *Williams Mfg. Co. v. Warner Sugar Refining Co.*, 125 Ga. 408, 411 (54 SE 95); *City of Moultrie v. Schofield Sons Co.*, 6 Ga. App. 464, 468 (65 SE 315); *Ford v. Serenado Mfg. Co.*, 27 Ga. App. 535 (2) (109 SE 415). A separate demand, other than at the time of filing proofs of loss, is not necessary when the policy does not give the insurer a specific period of time to act on such claim after proofs of loss are filed and the insured has a present right to make such demand. The defendant's answer and the plaintiff's petition after verdict must be construed most favorably to support the verdict. "If the petition be subject to two constructions, and there is no demurrer, then, in determining whether the case has been proved as laid, that construction will be adopted which is most favorable to the assertion of the cause of action in the plaintiff's favor. *New Zealand Fire Insurance Co. v. Brewer*, 29 Ga. App. 773 (116 SE 922); *Zittrouer v. Zittrouer*, 43 Ga. App. 262 (158 SE 437)." *Bridges v. Ramsey Sign Service Co.*, 50 Ga. App. 583 (179 SE 404). *Halliburton v. Collier*, 75 Ga. App. 316 (43 SE2d 339); *Buice v. Smith*, 81 Ga. App. 658, 663 (59 SE2d 676). So construing the pleadings it must be assumed that the plaintiff submitted proofs of loss and demand simultaneously (or that both were submitted before December 21, 1961), and on December 21, 1961, more than sixty days before the action was filed, the defendant insurer denied liability. Therefore, even assuming but not deciding that the oral and documentary evidence introduced on the trial of the case did not support the finding that sixty days had expired between the demand and the filing of the action, yet the pleadings authorized the verdict as to this issue. But see *Code* § 38-120, and *Fireman's Fund Ins. Co. v. Hardin*, 40 Ga. App. 275 (149 SE 318).

The trial court did not err in overruling the defendant's motion for a judgment non obstante veredicto.

2. Special ground 4 of the amended motion for new trial assigns error because the trial court charged the jury a principle of law which it contends was not authorized by the evidence and was not a matter for the jury's consideration. No contention is made that the principle given the jury in charge was not correct as an abstract principle of law.

On the trial of the case the attorney for the plaintiff, in testifying as to attorneys fees, read to the jury the language complained of in this ground of the motion for new trial. Accordingly, there was evidence adduced which would authorize the charge. The cases cited by the defendant in support of this ground are cases where the evidence did not authorize the charge and are therefore distinguishable from the case sub judice. This ground of the motion for new trial is without merit.

3. The sole remaining special ground of the motion for new trial complains that the amount of attorneys fees was excessive. This ground will be considered in connection with the usual general grounds.

The correspondence between the plaintiff's attorney and the insurance company relating to the plaintiff's claim was introduced in evidence. This correspondence showed a refusal to pay the plaintiff's claim because the company claimed the condition which required the hospitalization and surgery antedated the policy and was therefore not covered. On the date the case was tried the defendant amended its answer so as to admit that it was liable for the principal amount sued for. The evidence adduced showed only that the insurer flatly refused to pay the claim it later admitted was due, and the insurer introduced no evidence to show why it originally refused to pay the claim or that it had reason to believe in good faith that no valid claim existed. While as shown, the original answer filed by the defendant sought to set up a defense that a statement by the plaintiff's physician showed that the hospitalization was caused by a disease contracted by the insured before the issuance of the policy and for which it was not liable, such portions of the answer were voluntarily stricken by the defendant in the amendment which admitted the principal amount to be due. The evidence showed nothing other than a refusal to pay the claim which was later admitted to be due.

The evidence authorized the award of the penalty or damages authorized by *Code Ann.* § 56-1206 and the amount of attorneys fees awarded was within the range of the evidence adduced as to the value of such services in the locality involved. The fact that under the testimony of the plaintiff's attorney the

fees would not all be retained by such attorney in nowise relates to the amount of attorneys fees allowable, for as stated in *Code Ann.* § 56-1206, which provides for such attorneys fees: "The limitations contained in this section with reference to the amount of attorneys fees are not controlling as to the fees which may be agreed upon by the plaintiff and his attorney for the service of such attorney in the action against the insurer."

The evidence authorized the verdict and the trial court did not err in overruling the amended motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*