## CLAY *v.* SMITH.

1. When a portion of a charge is, in a motion for a new trial, in general terms alleged to be erroneous, and the language thus complained of embraces two or more distinct propositions, at least one of which is abstractly correct, the ground of the motion relating thereto presents no cause for reversing a judgment denying a new trial.
2. An exception to a judgment overruling a motion for a new trial, or a designated ground thereof, is not strengthened by setting forth in the bill of exceptions specific objections to the action of the court complained of in the motion which were not presented to or passed upon by the trial judge.
3. The law of this case was settled by this court at the October term, 1895, and the facts of it were settled at the trial now under review. There was sufficient evidence to support the jury's finding, and the court below did not abuse its discretion in refusing to set the verdict aside.

Argued May 17, — Decided July 21. 1899.

Money rule.    Before Judge Sweat.    Glynn superior court. May term, 1898.

*Atkinson & Dunwody, Courtland Symmes,* and *Spencer R. Atkinson,* for plaintiffs in error.

*Ira E. Smith, D. W. Krauss,* and *Owens Johnson,* contra.

LUMPKIN, P. J.    At the October term, 1895, this court affirmed a judgment of the trial court overruling a demurrer to the plaintiff's petition.    See 97 *Ga.* 782.    Subsequently Clay, who was a claimant of the fund in the hands of the sheriff, was made a party, and the case proceeded to a trial on the merits, resulting in a verdict in favor of Smith, the other claimant. Clay made a motion for a new trial, which was overruled, and he excepted.

1. In the fourth, which is the only special, ground of this motion, a portion of the charge of the court is in general terms alleged to be erroneous. Without setting forth this particular extract from the charge, it is sufficient to say that it contained at least two propositions which are, in the abstract, correct statements of the law. This being so, the ground of the motion just referred to presents no cause for reversing the judgment denying a new trial. *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500.

2. In the bill of exceptions counsel for the plaintiff in error undertake to set forth divers objections to the portion of the charge complained of in the fourth ground of the motion for a new trial, and to state numerous reasons why the same should not have been given. No such objections or reasons appear, however, in the motion for a new trial. Though the charge may be open to the criticisms thus for the first time suggested in the bill of exceptions, it by no means follows that the court below committed error in refusing to grant a new trial, when, on the hearing of the motion therefor, the only objection apparently urged against the charge was that none of the propositions therein contained could rightly be considered as good law. Furthermore, it may pertinently be observed "yet once again" that this being a court of review, its province is to pass upon such questions only as were raised before and directly ruled upon by the trial court. It is to be noted that the present bill of exceptions contains no direct assignment of error upon any instruction given by the court to the jury. On the contrary, the only exception taken is that the judge overruled each and every ground of the motion for a new trial. But even had counsel for the plaintiff in error undertaken in the bill of exceptions to directly assign error upon that portion of the charge which they deemed objectionable, such exception would have come too late, for their writ of error, though sued out in due time to review the judgment overruling the motion for a new trial, was not tendered until after the expiration of the time allowed by law for excepting to instructions given or rulings made upon the trial of the case.

3. When this case was first here, this court decided that,

upon the facts alleged in Smith's petition, he was entitled to
the fund in the sheriff's hands.    Thus the law of the case was
definitely and finally settled ; and as the evidence introduced at
the trial now under review was, though conflicting, sufficient
to warrant a finding in his favor, we can not undertake to say
that the trial judge abused his discretion in denying a new trial.

*Judgment affirmed.    All the Justices concurring.*