## BEERMANN *et al. v.* ECONOMY LAUNDRY COMPANY.

Defendants at the appearance term demurred to the petition. One ground of demurrer was sustained, with leave to plaintiff to amend within ten days. No amendment having been made to meet the ground of demurrer and the ruling of the court thereon, defendants at a subsequent term moved to dismiss the petition, because of the failure to amend in pursuance of the court's order. *Held,* that such motion should have been sustained; and if this had been done, it would have been a final disposition of the case in the trial court, and therefore a direct bill of exceptions would lie to the refusal of the court to grant the motion; and this is true although after the motion to dismiss the petition was overruled, the case went to trial on its merits, and a verdict and judgment were rendered in favor of the plaintiff. In such a case it was not necessary to assign error on the final judgment based on the verdict.

The motion to dismiss the bill of exceptions is without merit.
No. 2636. FEBRUARY 21, 1922.

Equitable petition. Before Judge Ellis. Fulton superior court. April 6, 1921.

The Economy Laundry Company, in behalf of itself and such other creditors of the American Ice Cream Manufacturing Company as might become parties plaintiff, sued the latter-named company, and certain named individuals for breach of contract by the defendant company, and for the statutory liability fixed by the

Civil Code (1910), § 2220, on persons who organize a company and transact business in its name before the minimum capital stock has been subscribed for. The defendant company filed a demurrer to the petition, on general and special grounds. The general demurrers were overruled, as well as most of the special demurrers. In the order of the judge dealing with the demurrer of the defendant company it was, among other things, ruled: " The special demurrer as to measure of damages is overruled, except that the plaintiff is required to amend within ten days, setting up the monthly difference between the agreed price and the actual [value] of said lease contract." The date of this judgment was December 4, 1917. On December 13 thereafter the following amendment to the petition was offered: " And now comes the plaintiff, Economy Laundry Company, and with the leave of the court first had and obtained, and within the time allowed by the order of the court in ruling on the special demurrer to paragraph ten of the petition, and in accordance with said ruling amends said paragraph of the petition as follows: The difference between the agreed price and the actual value of said lease contract at the time it was repudiated, renounced, and breached as aforesaid is the sum of one hundred and fifty ($150) dollars per month." This amendment was allowed. After this amendment the judge on the date it was offered granted the following order: " It appearing to the court that since the filing of the above case two of the defendants, to wit, August Denk and Geo. P. Leoles, have died, now on motion of attorneys for the plaintiff said case is dismissed as to said two defendants." Paragraph 10 of the demurrer to the petition of the individual defendants was as follows: " These defendants demur specially to said petition, for that it is not alleged how or in what way they organized said corporation, or how, when, or in what way they transacted business in its name, with plaintiff or others creditors of said defendant corporation." On December 4, 1917, in the order dealing with such demurrer the following, among other things, was ruled: " As to par. ten of the special demurrer it is ordered that the same is overruled as to the organization of the corporation, and sustained as to the transaction of business, with ten days leave to amend."

On a review of the case by this court (*American Ice Cream Mfg. Co.* v. *Economy Laundry Co.*, 148 *Ga.* 624, 97 S. E. 678), it was, among other things, held: " The petition was not subject to

general demurrer, nor to special demurrer on the ground of misjoinder of parties defendant, or of causes of action, nor to any of the other grounds of special demurrer which were overruled. *John V. Farwell Co.* v. *Jackson Stores,* 137 *Ga.* 174 (73 S. E. 13)." Subsequently two of the individual defendants died pending the action, and on motion of the plaintiff an order was granted striking their names from the case. The case came on for trial on April 6, 1921, and the individual defendants made a written motion to dismiss the case, one of the grounds of the motion being that the court, on December 4, 1917, had sustained the demurrer of such defendants to the petition, on the ground that the petition did not allege " how, when, or in what way, they [defendants] transacted business in its [corporation's] name, with plaintiff or other creditors of said corporation," the order allowing the plaintiff ten days in which to amend. The motion alleged that plaintiff did not amend to meet such judgment within the ten days or at any time since, nor did the plaintiff except in any way to such judgment. This motion was overruled; and the case proceeded to trial on its merits, and a verdict and judgment were rendered for the plaintiff. The defendants excepted to this ruling, by a direct bill of exceptions in which the only error assigned was on the judgment overruling the motion.

*McCallum & Sims,* for plaintiffs in error.

*Dorsey, Shelton & Dorsey* and *Carlton W. Binns,* contra.

FISH, C. J. (After stating the foregoing facts.) The court erred in overruling the motion to dismiss the petition on the ground that the court in its order of December 4, 1917, had ruled that the petition was subject to the demurrer of the individual defendants, on the ground that it did not set out how, when, or in what way they, after organizing the defendant corporation, had transacted business in the corporation's name; and that, although the plaintiff had been allowed ten days in which to amend its petition in this respect, no amendment meeting the demurrer and the judgment of the court thereon had ever been made. It is true that the petition was amended within ten days, but such amendment related solely to a ground of demurrer that the petition failed to set " up the monthly difference between the agreed price and the actual [value] of said lease contract." This clearly appears from the wording of the amendment allowed

to the petition, dated December 13, 1917, which amendment is set forth in the statement of facts. The motion, the overruling of which was excepted to, was in the nature of a general demurrer, or at least it was such a motion as, if it had been granted, would have finally disposed of the case; and therefore a direct bill of exceptions would lie, assigning error upon the overruling of it. It was not a motion the sustaining of which would have left the case pending in the trial court. See *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833).

In view of the ruling made, the motion to dismiss the bill of exceptions, on the ground that error was not assigned on the final judgment based on the verdict, is not meritorious. Nor should the bill of exceptions be dismissed on the ground that the defendant corporation is not a party plaintiff in error, or a party defendant in error.

<em>Judgment reversed. All the Justices concur.</em>