## MANGHAM *et al. v.* COBB.

1. Where a city lot of land is sold in a body as containing a frontage of a certain number of feet, "more or less," and both parties have equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold will not be apportioned; aliter where the vendor in the course of the sale is guilty of actual fraud in representing the frontage. · An allegation that the vendor's representation at the time of the sale, as to the width of the lot, was false within his knowledge, and was acted on by the vendee to her injury, is a charge of actual fraud.  If she was fraudulently induced to buy a lot of width less than the vendor represented it to be, she was entitled to a reduction of the purchase-money in the proportion that the deficiency in frontage bore to the frontage bargained for.

2. In view of the trial judge's statement to counsel during argument, in the presence and hearing of the jury, that he construed the contract as a sale by the tract and not by the foot, to which counsel replied that he was proceeding on that theory, a failure so to instruct the jury in the general charge did not require a new trial.

3, 4. It is not ground for exception to a correct charge that the court failed to give an additional specified instruction in connection with it.

5. An instruction submitting to the jury a contention of the plaintiff that the deficiency between the quantity of land she contracted to buy and the quantity actually there was so great as to justify the suspicion of wilful deception or mistake amounting to fraud, and the defendant's denial of that contention, did not relieve the jury of the duty to find any additional proof of actual fraud.

6. An exception to divers instructions of abstract principles of law on the subject of fraud (embraced in the Civil Code, §§ 4114, 4622, 4623, 4624), as not pertinent to the issues involved, is not well taken when some of them were clearly pertinent, even if some of ˙them may not have been pertinent.

7. The court's statement of a contention that there were no lines or monuments marking the property represented to contain 50 feet frontage, excepted to as misleading to the jury˙ and unsupported by the evidence, did not require a new trial, when such contention was not submitted as one to be passed on by the jury, and when there was some evidence to support the instruction.

8. The exception that the court, after giving in charge a contention of

the defendant, erred in not construing the contract to be a sale by the tract and not by the foot, and in leaving the issue of construction to the jury, etc., is without merit.

9. This court will not consider a ground of a motion for new trial which complains of the admission of evidence, unless that evidence is set out in or attached to the ground as an exhibit, or the substance of the evidence is therein stated.

10. Assignments of error not insisted on in the brief of counsel for the plaintiff in error are treated as abandoned.

11. Error in a decree is not ground for new trial, but is matter for timely direct exception.

12. The verdict is supported by the evidence.

No. 4681. MARCH 13, 1925.

Equitable petition. Before Judge Bell. Fulton superior court. October 18, 1924.

*Alston, Alston, Foster & Moise* and *McElrealh & Scotl,* for plaintiffs in error.

*Thomas R. R. Cobb, Ben. J. Conyers,* and *Edgar Lalham,* contra.

HINES, J. 1. Mrs. Maud Barker Cobb filed her petition against J. J. Mangham, in which she made the following allegations: On November 22, 1922, she entered into a written contract with J. J. Mangham, whereby she agreed to purchase from him and he agreed to sell to her all that tract or parcel of land fully described in said contract, which is attached to the petition and made a part thereof. The frontage of the lot on West Peachtree Street is stated in this contract to be 50 feet, more or less. Mangham knew that said lot had a frontage of only 45 feet on said street. The misrepresentation of the frontage of said lot was made by Mangham for the purpose of inducing petitioner to agree to pay the sum of $17,500. She relied solely upon Mangham's representation that said lot had a frontage of 50 feet, and he was aware of this fact. She would not have agreed to pay said sum of money for said lot had she known that it contained a frontage of only 45 feet, and this fact was known to Mangham. The relative value of said deficiency of 5 feet is $2500. She elects under said contract to exercise the right to have an apportionment of the price of said lot according to the relative value of said deficiency. She has notified said Mangham of said election, and he refuses to accede thereto. She is ready to comply with said contract when Mangham corrects, or is required by the court to correct, said fraud by an apportionment of the purchase-price according to the relative value of said de-

ficiency, which fact has been communicated to the defendant, who refuses to carry out said contract in this manner. It is her right to have a proportionate reduction in the purchase-price agreed to be paid, and the defendant's refusal to comply with his obligations under said contract on these terms is unwarranted, and constitutes a violation of her legal rights. The defendant has not only been guilty of fraud as above alleged, but he has been and is stubbornly litigious, and petitioner prays that he be required to pay the expense of this litigation, including attorney's fees in the amount of $500.

By an amendment to the petition the plaintiff alleged, that the deficiency in the land contracted to be sold by defendant to her is so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud; that she never had any conversation with defendant relative to the sale of the lot in question, the negotiations for its purchase being conducted by her son as her agent and by one Reitz as agent for the defendant; that Reitz took plaintiff and her son to said lot; that Reitz then and there stated that the lot had a frontage of 50 feet; that plaintiff could get it for $350 per front foot, or $17,500; that Reitz did not disclose the name of the owner; that plaintiff made an offer of $16,500; that Reitz brought to her agent the contract to be signed, stipulating said sum as the purchase-price; that after securing her signature Reitz went and secured the defendant's signature, returning with $17,500 inserted in the contract, instead of $16,500, plaintiff then learning the name of the owner; that plaintiff accepted the contract as altered; that the defendant gave Reitz the description of the property, knowing it to be false; that Reitz was the agent of the defendant; that there were no fences or landmarks from which any correct measurement could have been made, and she had no means of confirming the agent's statement as to the frontage, except by survey; that the defendant did not furnish her with the conveyance which had been made to him of the lot, which correctly described said lot as having a frontage of 45 feet, nor did he furnish any description whatever except that contained in said contract; that the defendant had not only bought said lot as having a frontage of 45 feet, but after he bought it and before he contracted to sell it to plaintiff he had twice conveyed it to other parties, describing it in each instance as having a frontage of 45

feet; that at the time defendant signed said contract he knew the frontage was therein described as 50 feet; that he knew this description was false and that plaintiff and her agent had acted upon said false description in signing said contract and ratifying the same in its altered form, his purpose being to deceive plaintiff; that plaintiff gave defendant two written notices concerning said shortage, and of her election of remedy, as alleged in the petition; that on or about December 11, 1922, her agent stated to the defendant that plaintiff had elected to consummate said sale on the basis of apportionment of the purchase-price, and the defendant replied that he would not reduce the price a nickel; and that plaintiff is still willing and prepared to consummate said sale.

The defendant demurred on the grounds: (1) that there was no equity in the petition; (2) that it set forth no cause of action; and (3) that the making of the contract did not constitute a deception or misrepresentation of the frontage, for the reason that said frontage is described in the contract as being "fifty (50) feet, more or less," and if it is intended to charge that any deception or misrepresentation was made by the defendant by other means, the paragraph of the petition charging the same is too vague and indefinite, because it does not set out the means used. There were two grounds of special demurrer. The court overruled the demurrer. To this judgment the defendant excepted.

Where a city lot of land is sold in a body as containing a frontage of a certain number of feet, "more or less," and both parties have an equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold will not be apportioned. *Walton* v. *Ramsay*, 50 *Ga.* 618. But where the vendor in the course of the sale is guilty of actual fraud in representing the frontage, the rule is different. *Kendall* v. *Wells*, 126 *Ga.* 343 (55 S. E. 41). The petition in this case alleges that the vendor's representation at the time of the sale as to the width of the lot was not only false, but false within the vendor's knowledge, and that it was acted on by the vendee to her injury. This is a charge of actual fraud. *Emlen* v. *Roper*, 133 *Ga.* 726 (66 S. E. 934). According to the allegations of the petition, the plaintiff was fraudulently induced to buy a lot of less width than the vendor represented it to be; and under these circumstances the plaintiff was entitled to have a reduction of the purchase-money in the

proportion that the deficiency in frontage bore to the frontage bargained for. *Rosenthal* v. *Gordon,* 142 *Ga.* 682 (83 S. E. 511). The grounds of special demurrer are without merit.

2.   In ground (A) of their motion for new trial the defendants (one Chapman on his motion having been made a party defendant with Mangham) contend that the court erred in failing to construe the contract of sale, and in failing to instruct the jury that the sale was by the tract, and not by the foot, and that had the court so construed the contract the verdict would most likely have been in their favor.   In a note by the judge he states that during the argument of counsel for the plaintiff to the jury the court stopped counsel, and in the presence and hearing of the jury stated that he construed the contract to be a sale by the tract and not by the foot, and that counsel replied that he was proceeding on that theory.   In view of this statement, the failure of the trial judge to further instruct the jury in his general charge that the sale was one by the tract, and not by the foot, does not require the grant of a new trial.

3.   The court instructed the jury as follows: "If the sale is by the tract or the entire body, a deficiency in the quantity sold can not be apportioned."   In ground (B) of their motion for new trial the defendants allege that the court, after giving said charge, failed to instruct the jury that the contract was a sale by the tract.   This ground of the motion is without merit, (*a*) because the failure to give an additional instruction is not ground for exception to a correct instruction given (*Vickers* v. *Robinson,* 157 *Ga.* 731 (12), 122 S. E. 405), and (*b*) because, under the facts above stated in paragraph 2, such failure does not require the grant of a new trial.

4.   The court instructed the jury as follows: "If the sale is specified as more or less, this qualification will cover any deficiency not so gross as to justify a suspicion of wilful deception or mistake amounting to fraud."   In ground (C) of their motion for new trial the defendants assign this instruction as error, because the court failed to add: "Then there must be in addition the allegation and proof of actual fraud."   For the reason stated in paragraph 3 above, this is not a good exception to the charge given, there being no contention that the instruction given was not a correct statement of the law.

5.   In ground (D) of their motion for new trial the defendants allege that the court erred in charging the jury as follows: "The plaintiff insists that the deficiency in the amount she contracted to buy and the amount or quantity of land actually there is so great as to justify the suspicion of a wilful deception or mistake amounting to fraud.  The defendant denies that.  That is a question, gentlemen, that you will have to decide under all the facts and circumstances of the case."  The assignment of error is that this instruction relieved the jury of the duty to find any additional proof of actual fraud.  This instruction was not erroneous, (a) because the court therein was stating the contentions of the parties, and it is not alleged that his statement was incorrect; and (b) because the court in his general charge gave the additional instruction which defendants insist should have been given.

6.   In ground (E) of their motion for new trial the defendants insist that the court erred in giving to the jury certain abstract principles of law on the subject of fraud, which were not pertinent to the issues involved in this case.  These instructions substantially embraced the principles enunciated in sections 4114, 4622, 4623 and 4624 of the Civil Code.  An exception to divers instructions of the court to the jury, in a ground of a motion for new trial, when some of such instructions are clearly pertinent to the issues involved, is not well taken, even if some of such instructions may not be pertinent.  *Clay* v. *Smith,* 108 *Ga.* 189 (33 S. E. 963) ; *White* v. *State,* 141 *Ga.* 526 (1*b*) (81 S. E. 440).

7.   In ground (H) of their motion the defendants allege that the court erred in charging the contention of the plaintiff to the effect that "There were no lines or monuments marking it [the property] and represented that the lot contained 50 feet, which she relied upon."  The defendants allege that this instruction was erroneous, because the undisputed evidence showed that the property was marked by walls and fences, and that this issue should not have been left to the jury; and because the charge was misleading in view of the evidence submitted, and adverse to the interest of movants.  It not being alleged that this statement of the contention of plaintiff was incorrect, but only that it was unsupported by the evidence and tended to mislead the jury, such instruction does not require the grant of a new trial, even if unsupported by the evidence, when such contention was not sub-

mitted to the jury to be passed on by them. In these circumstances such statement of the contention of the plaintiff was immaterial and unprejudicial. *Wadley Southern Ry. Co.* v. *Kennedy,* 136 *Ga.* 440 (71 S. E. 740). Besides, there was some evidence to support this instruction.

8. In ground (I) of their motion the defendants allege that the court erred, after charging the jury that "The defendant contends that it was sold in one lot; that the plaintiff in this case saw the lot, knew its boundaries and knew its size," in not construing said contract to be a sale by the tract and not by the foot, and in expressly leaving the issue of construction to the jury, which construction would have been adverse to the plaintiff and favorable to them. This ground of the motion is without merit, for the reasons assigned in paragraph 3, above.

9. In ground (J) of their motion the defendants allege that the court erred in admitting in evidence a certified copy of the conviction of the defendant Mangham, on the ground that said evidence was irrelevant and incompetent. Said copy is not set out in this ground nor attached thereto as an exhibit, and the substance thereof is not stated. This court will not consider a ground of a motion for new trial which complains of the admission of evidence, unless the evidence is set out therein or attached thereto as an exhibit or the substance thereof is stated therein.

10. Grounds (G), (K), and (L) of the motion for new trial, not being insisted upon in the briefs of counsel for the plaintiff in error, are treated as abandoned. *Coart* v. *State,* 156 *Ga.* 536 (12) (119 S. E. 723).

11. In ground (M) of their motion the defendants except to the decree rendered in the case, upon certain grounds. Such exception is not a good ground of a motion for new trial, but should be taken advantage of by a bill of exceptions pendente lite, or by a final bill of exceptions, if sued out in due time. *Achey* v. *Dodson,* 105 *Ga.* 514 (2) (31 S. E. 190).

12. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*