## 28918. LEWIS v. THE STATE.

DECIDED JUNE 24, 1941.

*Fred T. Lanier,* for plaintiff in error.

*B. H. Ramsey, solicitor,* contra.

BROYLES, C. J. The defendant was convicted of the offense of trespass. The accusation was drawn under Code, § 26-3001 (1), which defines as an indictable offense "The wilful cutting or felling of any wood, timber, or shade tree, ornamental tree, flowering shrub, or any chestnut tree, upon the land, inclosed or uninclosed, of another without the consent of the owner." The evidence for the State amply authorized the verdict. The defendant failed to introduce any evidence, but made a statement to the jury in which he claimed that the tree which he cut was on his land and not on the land of the prosecutrix. The jury evidently rejected that statement and believed the testimony of the prosecutrix that the tree was on her land and that the defendant cut it without her consent. The evidence further authorized the jury to infer that it was a "wilful cutting." Error is assigned on the admission of the testimony of the prosecutrix that on previous occasions the defendant had cut other trees on her land which he claimed were on his land. This evidence tended to show the defendant's motive and intent and was properly admitted. A certified copy of a will showing that the prosecutrix had been bequeathed the land in question by her deceased husband was admitted in evidence. The evidence was objected to on the ground that the original will was the highest evidence of its contents and "had not been accounted for." Code, § 113-612, provides: "The original will, when proved and recorded, shall remain on file in the office of the ordinary, and certified copies thereof shall be evidence in any cause and in any court." It follows that the certified copy of the will was properly admitted in evidence. The evidence connecting the defendant with the offense charged was not wholly circumstantial, and therefore the failure of the judge to charge the law of circumstantial evidence, in the absence of a request for such charge, was not error.

Error is also assigned on the following excerpt from the charge of the court: "I'll read you from the 17th Appeals Report, page

294: 'The evidence demanded a finding that the defendant had entered upon the land of the prosecutor and cut down some trees thereon, but did not conclusively show that he did so knowingly and wilfully. However, there was sufficient evidence from which the jury could have reasonably inferred that he did so knowingly and wilfully; and consequently the evidence authorized the conviction.'" In *Southern Cotton-Oil Co.* v. *Skipper,* 125 *Ga.* 368 (9) (54 S. E. 110), it was said: "Language used in an opinion of the Supreme Court in discussing the facts of a case is not always appropriate for use by a trial judge in charging a jury. *Atlanta R. Co.* v. *Hudson* [123 *Ga.* 108, 51 S. E. 29]; *Macon R. Co.* v. *Vining,* 123 *Ga.* 770 [51 S. E. 719]." In our opinion the court committed reversible error in so instructing the jury, since the instruction probably misled the jury to believe that the judge was, in effect, charging that the evidence in the instant case, while not sufficient to demand a verdict of guilty, was sufficient to authorize such a verdict. While a judge may charge a jury that if certain facts, which constitute the offense charged, are proved to their satisfaction, they will be authorized to find the defendant guilty, he can not directly, or in effect, instruct them that the evidence in the case authorizes such a verdict. The refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*