34503, 34509. SELLERS *v.* CITY OF SUMMERVILLE; and *vice versa.*

Decided April 8, 1953—Rehearing denied May 2, 1953.

*G. W. Langford, Jesse M. Sellers, Jr.,* for plaintiff in error.
*Maddox & Maddox,* contra.

CARLISLE, J. ■ Headnote 1 is self-explanatory and requires no elaboration.

■ The judgment on December 3, 1952, in which the plaintiff was allowed until December 15, 1952, within which to amend, contained no ruling on the general demurrers, but ruled solely on

■

special demurrers. The plaintiff did not amend within the time allowed. It is provided in Code (Ann. Supp.) § 81-1001, as amended by the act of 1952 (Ga. L. 1952, pp. 243, 245), that "the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment." In compliance with that' section of the Code, the trial court on December 18, 1952, entered a judgment on the sufficiency of the pleadings by sustaining the general demurrers to both counts of the petition and dismissing the petition. The plaintiff contests the validity of that judgment. To resolve the question, certain ancillary questions must be disposed of.

 "Where a special demurrer to a petition is sustained, with leave to amend, and there is a failure to do so, the petition should be dismissed if the delinquency relates to the entire cause of action. But if the demurrer goes only to some particular part of the petition, without which a valid cause of action would still be set forth, the proper judgment is to strike the *defective portion,* and not dismiss the entire action. *White* v. *Little,* 139 *Ga.* 522 (3) (77 S. E. 646); *Beermann* v. *Economy Laundry Co.,* 153 *Ga.* 21, 22 (111 S. E. 399); *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (64 S. E. 116); *Elliot* v. *Orange Crush Bottling Co.,* 56 *Ga. App.* 313, 315 (192 S. E. 530)." *Cheatham* v. *Palmer,* 191 *Ga.* 617 (5) (13 S. E. 2d 674). In *White* v. *Little,* supra, it was held: "If a special demurrer is urged to a petition, or other pleading, already of file, attacking only certain parts of it, and is sustained, the result is to eliminate *the parts so held bad."* Where a special demurrer to a specified paragraph of a petition, *calling for additional information,* is sustained with leave to amend, a failure to amend will not in and of itself result in such specified paragraph being stricken from the petition. To have such a result, it must appear that the allegation, or allegations, of the specified paragraph is, or are, bad; that is, that such allegation, or allegations, has, or have, no place in the petition; or that, without the information called for being supplied, such allegation, or allegations, has, or have, no place in the petition. *Elliot* v. *Orange Crush Bottling Co.,* supra; *Watts* v. *Rich,* 49 *Ga. App.* 334, 337 (2c) (175 S. E. 417); *Moseley* v. *Equitable Life Assurance Society,* 49 *Ga. App.* 424 (3) (176 S. E. 87). None of

the information called for by those of the special demurrers which were sustained was absolutely essential to a statement of a cause of action by the plaintiff, and the plaintiff's failure to amend to supply the information desired did not result in those paragraphs under attack for that reason being stricken from the petition.

In view of what has been held in the foregoing subdivision, the trial court did not err in refusing the defendant's motion to dismiss the petition for the failure of the plaintiff to amend to meet the special demurrers, as the deficiencies pointed out by the special demurrers did not relate to the entire cause of action, and the trial court at the time of the motion (December 16, 1952) had not reconsidered the sufficiency of the pleadings after the time for amendment had expired, as required by Code § 81-1001 or made any ruling on the general demurrers.

As against general demurrer each of the two counts of the petition stated a cause of action.

The allegations of counts 1 and 2 are, essentially, that the defendant hired the plaintiff as its attorney at law; that the plaintiff performed certain enumerated services as such attorney, which services were accepted by the defendant; that such services were of a stated reasonable value and the defendant refuses to pay therefor; that, as a result of the plaintiff's efforts and services which were accepted by the defendant, it has become enriched in a stated sum; and that, until the defendant pays the plaintiff the reasonable value of his services which produced such enrichment, such enrichment is unjust. These allegations were sufficient to state a cause of action in count 1 for quantum meruit (*Upchurch* v. *Maynard*, 39 *Ga. App.* 332, 147 S. E. 139, and citations), and sufficient to state a cause of action in count 2 for unjust enrichment (*Bass* v. *Cates*, 74 *Ga. App.* 363, 368, 39 S. E. 2d 550, and citations). It follows, therefore, that the trial court erred in sustaining the general demurrers to counts 1 and 2.

"Where, due to incomplete or inexact performance, the plaintiff is precluded from recovering the contract price, but is in equity and good conscience entitled to compensation general assumpsit may lie. In some cases where the express contract has not been performed according to its terms, but the performance

of plaintiff, in so far as it went, was of benefit to defendant, the law will allow a recovery in general assumpsit to compensate plaintiff for the partial or inexact performance. Similarly, plaintiff may recover upon the common counts, if that which has been done by him is beneficial to defendant, and has been accepted and enjoyed, or if his default has been waived. A benefit of that sort, if it is not a perfect compliance with what it is stipulated for, cannot be accepted and utilized without making reasonable compensation. Because something of value has been received and retained by one party to the contract, the law will not leave the other, who has contributed the valuable thing wholly without remedy on account of imperfect discharge of his duty. It will deny him a remedy on a contract whose terms he has failed to observe, but will give him as much compensation as is fairly merited by his performance as far as it went, to be measured by the reasonable value of the benefit accruing from it." 7 C. J. S. 115, 117, § 9 (c) (2) (b) (cc). And the cause of action in assumpsit is distinct from the original contract. *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100) ; *Southern Ry. Co.* v. *Branch,* 9 *Ga. App.* 310 (71 S. E. 696). The cause of action which the plaintiff pursued and was held not to be good in *Sellers* v. *City of Summerville,* 208 *Ga.* 361 (67 S. E. 2d 137), related to the special contract; and, being distinct from the present suit in assumpsit, is not res adjudicata of the present suit. *Spence* v. *Erwin,* 200 *Ga.* 672 (2) (38 S. E. 2d 394). It follows that the trial court erred in overruling the plaintiff's demurrers to the plea in bar.

*Judgment reversed on the main bill and affirmed on the cross-bill. Gardner, P. J., and Townsend, J., concur.*