35336, 35343. SELLERS *v.* CITY OF SUMMERVILLE; and *vice versa.*

DECIDED NOVEMBER 1, 1954—REHEARING DENIED NOVEMBER 22, 1954.

*G. W. Langford, Bobby Lee Cook, Jesse M. Sellers, Jr.,* for plaintiff in error.

*Maddox & Maddox,* contra.

FELTON, C. J. 1. The court did not err in overruling the demurrers to the defendant's answer. Without going into detail, the answer denied that the plaintiff was entitled to recover on an implied contract, or a theory of unjust enrichment; and in elaboration of such denial it alleged that the benefits accruing to the city resulted from a policy of Georgia Power Company to offer such benefits to all the municipalities of Georgia, and that the services of the plaintiff were not the procuring cause of the benefits and had no connection therewith. *Whitley* v. *Wilson,* 90 *Ga. App.* 16 (81 S. E. 2d 877). The answer did not admit the existence of the causes of action alleged.

2. Ground one of the amended motion complains of the following charge: "Now, the effect of the defendant's answer, gentlemen, is to put the burden of proof upon the plaintiff to establish to your satisfaction by a legal preponderance of the evidence in the case that the allegations the plaintiff makes are true, except such, if any, as are admitted by the defendant, which will be taken as true." The charge was not confusing or misleading, and did not put the burden on the plaintiff of refuting an affirmative defense. The answer of the defendant set forth no affirmative defense, but simply denied that the plaintiff's services resulted in benefit to the city, and explained the reason why.

3. It was not error to charge the jury that there could be no recovery on the contract between the plaintiff and defendant. The contract was in evidence and the Supreme Court had ruled that the plaintiff could not recover thereon. *Sellers* v. *City of Summerville*, 208 *Ga.* 361 (67 S. E. 2d 137).

4. Ground three of the amended motion complains of the following charge: "I charge you, gentlemen, that if the contract entered into between the Georgia Power Company and the City of Summerville, that is, the contract of 1949, I believe, was not the result of any services rendered by Mr. Sellers, but was a part of a general program and policy of the Georgia Power Company to offer similar contracts to each municipality in which they did business, and that this contract was not the result of any litigation or threatened litigation on the part of the City of Summerville, then the plaintiff would not be entitled to recover in any amount for any of his services which did not result or contribute to such result; that is, the execution of that contract." There is no merit in this ground. The charge was authorized by the evidence, was not misleading or confusing, and did not authorize a finding based on speculation and conjecture. The same ruling applies to the exception to similar charges complained of in special grounds four and five.

5. As to special ground six, the court erred in charging the jury that there was no evidence in the case to show that Georgia Power Company ever contended that it had an exclusive and perpetual franchise. This question had nothing to do with the main issue in the case because if the plaintiff's services procured

or materially contributed to the benefits the city received it would be immaterial why Georgia Power Company contended its franchise was legal. The complaint against the charge, however, is that there was evidence that Georgia Power Company contended that it had an exclusive and perpetual franchise. There was evidence that the company contended that it had a legal franchise for the use of the streets for the distribution of electricity, time without limit. It follows that the charge here complained of was erroneous.

6. Special ground seven complains of the following charge: "Now, as just stated, the plaintiff if he recovers will have to recover on his suit as laid in his petition, he can't go outside and pick up something else and say well, I'm entitled to recover on that, he can't say here's the contract, here's my exhibit No. 1, I'm entitled to enforce that contract and recover on that; he can't do it, that's been ruled out, he can't recover on that contract. And he's not asking to recover on it in his suit; I'll say regardless of what's come out in the testimony, that contract cannot be enforced you must find your verdict based on what is alleged in the suit." The exception to the charge is as follows: "Movant contends that the excerpt quoted in this ground of his amendment from the charge of the court was error, because: (a) it was, as movant contends, wholly unsupported by the testimony of plaintiff respecting his basis for a recovery; (b) it was, as movant contends, an expression or intimation by the Court to the jury that the plaintiff was groping; that he was grasping at straws—going 'outside and pick up something else and say well, I'm entitled to recover on that', in an effort to testify to the jury his contentions and basis for a recovery; (c) it was, as movant contends, an expression or intimation by the court to the jury that there were serious conflicts between plaintiff's contentions, as alleged in his petition, and his contentions, as stated in his testimony—respecting his right of recovery. The plaintiff testified: 'I'm only suing for what the value of the work—I mean, for the benefits the city is getting. . . As to what I am suing for here, well, I am suing for the value of my services done under the written contract and for which the City of Summerville is receiving benefits from such services.' " We think that this charge was erroneous and prejudicial. It tended

to belittle the contention of the plaintiff that he was entitled to recover on the causes of action set forth in his petition. The plaintiff in these actions did not contend that he had a right to recover on the contract. It is true that the judge stated to the jury that the plaintiff was not asking to recover on the contract, but he also indicated that the plaintiff was contending that he could recover on the contract. The charge also was susceptible to the construction that the plaintiff was "grasping at straws" for a basis of recovery, and that it minimized the plaintiff's causes of action.

7. It is not necessary to pass on special ground eight, as the case is to be tried again, and the matter complained of will not likely recur on another trial.

8. Special ground nine complains of the refusal to permit the plaintiff to testify that a representative of Georgia Power Company stated that it was the litigation instituted by the plaintiff that caused the 3% offer to the City of Summerville. It was not error to refuse to admit this testimony. The statement of the power company representative was hearsay as to the defendant, and was not in rebuttal and impeachment of the testimony of the representative in this case.

9. The same ruling applies to special grounds ten and eleven.

10. It was not error for the court to exclude from evidence an excerpt from an article in the Summerville News purportedly signed by the Mayor and Council of the City of Summerville, which contained a statement that it was not until after suit was filed testing the legality of the franchise that the 3% offer was made by the power company. There was nothing in the article, assuming its admissibility otherwise, which showed or tended to show that the litigation produced the results in the 3% offer and contract.

11. Special ground thirteen complains of the admission of the cross-examination of a witness by depositions. The testimony was objected to as a whole on the ground that the witness's direct testimony was excluded because there was higher and better evidence of the matters testified about. It is not shown what the direct testimony was, and some of the testimony on cross-examination was admissible. This ground shows no error.

12. Special ground fourteeen, complaining of the admission

in evidence of a petition in an action by the plaintiff against the City of Summerville, is incomplete in that a copy of the petition is not contained in the ground approved by the court or identified by a special certificate of the judge on the copy petition, which appears on pages following the judge's regular certificate approving the special grounds of the motion for new trial.

13. The cross-bill raises the question that the court erred in striking the defendant's pleas that the actions were barred by the statute of limitations. The grounds of demurrer were that the question of limitation of action cannot be raised by answer or amended answer, and that such question could be raised only by demurrer or plea of the statute of limitations. The petition was not subject to demurrer because the facts alleged did not show that the actions were barred. The defendant had a right to plead the statute and prove the defense if it could. There is no merit in the contention that the answer of the defendant could not be amended after the first term to plead the statute. Under Code § 81-307, the statute of limitations must be specially pleaded but not necessarily at the first term. The ruling in *Hinkle* v. *Smith & Son,* 127 *Ga.* 437 (2) (56 S. E. 464) is indirect authority for this ruling. If the court had been of the opinion that the amendment came too late, it would undoubtedly have based its opinion on that reason rather than a ruling on the merits of the question. See *Davis* v. *Boyett,* 120 *Ga.* 649 (1) (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386); *Harbut* v. *Hamilton,* 32 *Ga. App.* 187 (3) (122 S. E. 738); *Underwood* v. *American Book Co.,* 64 *Ga. App.* 184, 185 (12 S. E. 2d 467).

14. The evidence did not demand a verdict for the defendant.

The court erred in denying the plaintiff's motion for a new trial. The court erred in sustaining the demurrer to the defendant's plea of the statute of limitations.

*Judgments on the main and cross-bills of exceptions reversed. Quillian and Nichols, JJ., concur.*