35960.   CITY OF SUMMERVILLE *v.* SELLERS.

Decided May 3, 1956—Rehearing denied June 26, 1956.

*Maddox & Maddox, Earl B. Self*, for plaintiff in error.

*G. W. Langford, Jesse M. Sellers, Jr., Bobby Lee Cook*, contra.

QUILLIAN, J.  In the discussion of this case we shall find it convenient to refer to the plaintiff in error as "the city" or "the de-

fendant" and to the defendant in error as "the plaintiff" or "Mr. Sellers."

■ The only general ground of the motion for new trial relied upon by the defendant is that the verdict is without evidence to support it. The elements of evidence necessary to show a right of recovery under each of the counts of the petition, while in some aspects similar, are essentially different. To support the first count it was necessary that the plaintiff's proof show that the services rendered by him, though they did not constitute an exact and complete performance of his contract of employment, were a procuring cause of the contract entered into between the city and the power company on December 15, 1949, and the reasonable value of such services. It was not necessary that it be proved that the power company contract was beneficial. *Upchurch* v. *Maynard*, 39 *Ga. App.* 332 (147 S. E. 139). To prove the second count of the petition it was also necessary that the plaintiff establish the value to the city of the power company contract. Proof of the value of the benefit accruing to the defendant was some evidence of the compensation to which the plaintiff was entitled. A detailed discussion of the evidence in the case would unnecessarily incumber the opinion. It was, while in part circumstantial, sufficient to support the allegations of both counts of the petition.

■ Special grounds 1, 8, 13 and 20 deal with exceptions taken in various forms to charges of the court, refusal of requested charges, and exclusion of evidence which it is contended was necessary for the jury's consideration of a defense set up in the answer. The defense referred to was that all that the plaintiff did was done under and in compliance with his contract of employment by the terms of which he was employed to obtain by legal proceedings or agreement with the power company the city's release from the franchise granted June 13, 1924. The holding of this court in reviewing the trial court's ruling as to the sufficiency of the petition expressly recognized that what the plaintiff, Sellers, did was done in compliance with his contract of employment and constituted an inexact and incomplete performance of the contract, and held that the petition nevertheless set forth a cause of action. The decision on the second appearance of the case simply held that the answer presented issuable defenses in that it set up that a portion of the services was rendered by the plaintiff

more than four years before the suit was instituted, and for the further reason that it denied that the plaintiff's services constituted a procuring cause of the contract between the defendant city and the power company. *Sellers* v. *City of Summerville,* 91 *Ga. App.* 105 (85 S. E. 2d 56). While the answer did allege that the plaintiff was not entitled to recover because what he did was in pursuance of his contract of employment, there is no intimation in the opinion of this court that rendition of services by the plaintiff in pursuance of his contract of employment was a defense to the plaintiff's suit. Indeed, if this court had so held at that time it would have been in conflict with what it first held in *Sellers* v. *City of Summerville,* 88 *Ga. App.* 109 (76 S. E. 2d 99). It follows that the question raised by the grounds of the motion referred to has been adjudicated adversely to the defendant city.

■ Special ground 2 of the motion for new trial assigns error upon the refusal of the trial judge to give the following requested instruction in charge to the jury: "I charge you further that Mr. Sellers only seeks to prove that the contract between the City of Summerville and the Georgia Power Company was procured and offered to said city by the power company as the result of his efforts and services by circumstantial evidence, and there is no direct evidence to that effect. In this connection, I charge you that if you find there is direct evidence that Mr. Sellers' services and efforts had nothing to do therewith, and that the Georgia Power Company would have offered Summerville this contract notwithstanding the litigation or threat of litigation, then the plaintiff would not be entitled to recover in any amount."

The rule upon which the ground is predicated is: "A fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist." *Neill* v. *Hill,* 32 *Ga. App.* 381 (2b) (123 S. E. 30), followed specifically in *Federal Reserve Bank of Atlanta* v. *Haynie,* 46 *Ga. App.* 522 (1) (168 S. E. 112).

The circumstantial evidence adduced by the plaintiff was in conflict with and not consistent with the direct evidence submitted by the defendant. The request did not correctly state the rule of evidence to which it referred. The ground does not show error.

■ Special grounds 3, 4 and 5 except to the refusal of requests to charge. The requests contained two propositions of law, one

applicable, the other inapplicable to the issues of the case. The requests were in bank, and since a part of the instructions requested could not properly have been charged, the trial judge was right in refusing the requests. *Clay* v. *Smith*, 108 *Ga.* 189 (1) (33 S. E. 963); *Mangham* v. *Cobb*, 160 *Ga.* 182, 187 (127 S. E. 408).

■ Special ground 6 complains of the trial judge's refusal to charge as requested by the defendant: "I charge you that if the City of Summerville could not have by legal action forced the Georgia Power Company to have entered into the contract with it dated December 15, 1949, and the only way the city could have acquired that contract was through the uncontrolled discretion of the Georgia Power Company, then the plaintiff Sellers could not recover on count two of his petition." The charge requested was not adjusted to the issues of the case. There was no contention that the power company could have been compelled to enter into the contract. The issue was whether the plaintiff's service was instrumental in creating a situation in which the power company found the contract desirable in securing to itself continuous enjoyment of the benefits accruing from the franchise originally granted by the city.

■ Special ground 7 of the amended motion is controlled by the disposition made of ground 6.

■ Special ground 9 excepts to the charge: "He says that this contract was one that the city can continue for a period of 50 years, and that the contract is well worth $120,000 to the City of Summerville." There is no allusion in the pleadings or evidence to "50 years." But the charge complained of, a mere slip of the judge's tongue, was, in view of its context and the thoroughness of the whole charge on issues of the case, harmless. The petition alleged that the value of the city contract with the power company was $120,000. Proof was offered to support the allegation and that the plaintiff's efforts substantially contributed to the city's obtaining the contract. The verdict was for only $3,137.45, so while the length of time that the contract might continue of force was a factor that could have been considered in determining the value of the contract, we think that the judge's reference to fifty years was an inadvertent statement or slip of the tongue not prejudical to the defendant.

■ The 10th special ground of the motion excepts to a charge of the court in which the term "quantum meruit" is employed, because the meaning of the words was not explained. Ordinarily, the significance to be attached to technical words when used in a charge should be explained so that the jury might comprehend the full import of the instructions given them. *Holmes* v. *Clisby*, 121 *Ga.* 241 (7) (48 S. E. 934, 104 Am. St. R. 103); *Weldon* v. *State*, 21 *Ga. App.* 330 (1e) (94 S. E. 326); *Flemington &c. R. Co.* v. *Southern &c. Co.*, 21 *Ga. App.* 470 (1a) (94 S. E. 644). The omission of the definition of the words "quantum meruit" was amply supplied by the court's general charge to the jury. The charge read as a whole fairly and clearly explained the issues of the case in detail so that the jury were thoroughly informed of the exact issues they were to try and well instructed as to the law applicable to the issues. If it was error for the judge to have omitted explanation of the words "quantum meruit," the defendant had no reason to complain. A failure to explain the term would have tended to exclude from the jury's consideration one of the theories upon which the plaintiff relied for recovery but could not have affected the validity of any defense interposed by the defendant. The writer observes that the use of Latin words is not generally desirable in charges because some of the jurors do not read Latin; and while Latin or other foreign phrases can be explained, it seems simpler to merely charge the jury in plain English words that need no explanation.

■ Special ground 12 of the motion assigns error upon the trial judge's failure, when charging the jury upon the credibility of witnesses, to instruct them that they should consider the intelligence of the witnesses. The ground does not indicate, nor does the record disclose, that the omission was hurtful to the defendant. All the witnesses appeared to have the same general intelligence.

■ Special ground 13, in addition to an exception presented by it and disposed of in the first division of this opinion, complains that the court erred in charging the jury as follows: "I give you in charge Code § 3-107 of the Code of Georgia: 'Ordinarily when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof.' " The ground also insists that the

charge was error because the petition did not allege that the contract between the city and the power company was procured by the plaintiff's services. This question, raised by this ground, was adjudicated adversely to the defendant on the initial appearance of this case in this court.

■ Special ground 14 complains that the court charged the jury as follows: "I charge you that where due to incomplete or inexact performance the plaintiff is precluded from recovering the contract price, but it is in equity and good conscience entitled to compensation, general assumpsit may lie. In some cases where the express contract has not been performed according to its terms, but the performance of the plaintiff, Mr. Sellers in this case, in so far as it went, was of benefit to the defendant, the law will allow a recovery in general assumpsit to compensate plaintiff for the partial or inexact performance. Similarly, plaintiff may recover upon the common counts, if that which has been done by him is beneficial to the defendant, and has been accepted and enjoyed, or if his default has been waived. A benefit of that sort, if it is not a perfect compliance with what is stipulated for, cannot be accepted and utilized without making reasonable compensation. Because something of value has been received and retained by one party to the contract, the law will not leave the other, who has contributed the valuable thing wholly without remedy on account of imperfect discharge of his duty. It will deny him a remedy on a contract whose terms he has failed to observe, but will give him as much compensation as is fairly merited by his performance as far as it went, to be measured by the reasonable value of the benefit accruing from it."

The charge complained of, except for its allusion to Mr. Sellers, was in the precise language employed in the opinion of this court on a previous appearance of the case. While the language of appellate court opinions is not always appropriate for jury instructions, the language excepted to in the instant case was applicable to the issues thereof, a sound pronouncement of law, not argumentative and appropriate for the charge in which it was contained. The charge is especially criticized as an expression of opinion on the part of the court that Mr. Sellers had rendered services beneficial to the city. We think the portion of the charge excepted to, even singled out and segregated from its context,

could not be construed as an expression of opinion either that Mr. Sellers had rendered services or that his services were of value to the city. But certain it is that when read in the light of the entire charge on the subject to which it related, the language referred to was not an expression of opinion as to any fact. The judge had clearly, expressly and thoroughly explained to the jury that unless the services of Mr. Sellers were a procuring cause in obtaining the contract entered into by the city with the Georgia Power Company he would not be entitled to recover. The only benefit contended that the city gained through Mr. Sellers' services was the revenue derived from the contract with the power company.

Special ground 14 also excepts to the charge because the expression, "Similarly, plaintiff may recover upon the common counts if that which has been done by him is beneficial to the defendant, and has been accepted and enjoyed, or if his default has been waived," was not adjusted to the pleadings and evidence since the petition did not allege or the plaintiff's evidence show a waiver by the defendant city of any of its rights. The petition did allege and there was evidence that the defendant waived the plaintiff's default, in failing to obtain the specific result contemplated by the contract of employment, by accepting another and different result procured through his services rendered in the inexact or incomplete performance of his contract. The charge was in accord with this court's ruling in *Sellers* v. *City of Summerville*, 88 *Ga. App.* 109, 116 (76 S. E. 2d 99), and was indeed in the very language of that opinion. We recognize the rule that language employed in appellate court opinions is frequently inappropriate for jury charges. *Jones* v. *Royster Guano Co.*, 6 *Ga. App.* 506 (3a) (65 S. E. 361); *Lewis* v. *State*, 65 *Ga. App.* 214 (15 S. E. 2d 624). But the language excepted to here was adapted to the issues and a very clear pronouncement of the very principle concerning which the trial judge was instructing the jury. It thus was a proper charge.

◼ Special grounds 16 and 17 present questions already settled by former appearances of the case in this court.

◼ The 18th special ground excepts to the following charge: "The plaintiff cannot recover for any work or service claimed to have been done by him more than four years prior to the filing of

the petition in this case, which was July 25, 1952, unless you find that such work, as estimated, if such work was done by the plaintiff was a continuous and continuing service." The charge was correct. An open account for continuous service of an attorney, for which he is entitled to be paid only after a particular result is procured and accepted by his employer, is not barred until four years after such result is accepted. *Neal* v. *Stapleton,* 203 *Ga.* 236 (3) (46 S. E. 2d 130); *Brooks* v. *Sims,* 54 *Ga. App.* 71 (2b) (187 S. E. 254).

■ Special ground 19 of the motion for new trial complains of the charge: "If you find from the evidence in this case, gentlemen, that the plaintiff in this case rendered the services alleged in his petition, or other services; that these services were valuable to the City of Summerville, and that as a result of the services the city procured from the Georgia Power Company the contract, which, I believe, both sides admit was executed, that is, that the city was to receive three percent of the gross amount received by the power company for all power distributed in the City of Summerville, for residential and domestic purposes, and as I say, if you find that that contract was brought about as a result of the services of Mr. Sellers, or his services contributed to bringing about that contract, or substantially contributed to it, and if you find that the plaintiff has not been paid, I charge you that he would be entitled to reasonable compensation, whatever those services were worth." The defendant contends that the court erred in that the charge complained of allowed the plaintiff to recover for services other than those alleged in the petition. The evidence adduced upon the trial does not disclose that the plaintiff rendered any services other than those alleged in the petition. Hence the jury could not have found for the plaintiff on the basis of services other than those for which he sued. The charge was inaccurate but harmless.

■ The 20th special ground attacks the charge as a whole on the ground that it stressed the plaintiff's contentions and minimized those of the defendant and failed to fairly present the defense contained in the answer. The charge was full and fair, and not subject to this criticism or others made against it.

■ Special grounds 21 and 22 except to the admission of certain evidence over the defendant's objection in one instance

that the evidence offered was speculative, and in another that it was not responsive. The objections were themselves insufficient to invoke any ruling by the trial judge and cannot be considered as a basis of exceptions to the ruling made.

The 23rd special ground complains of the admission of the opinion of a non-expert witness as to the value to the city of its contract with the power company and value of the plaintiff's service in procuring the contract. The witness gave facts upon which he based his opinion. The evidence was admissible. Code § 38-1708.

Ground 24 assigns error on the admission of evidence which it characterizes as argumentative. The testimony was not of that nature and the ground shows no error.

Ground 24 excepts to the exclusion of evidence offered by the defendant. The evidence consisted of conclusions and matters not relevant to the issues of the case.

Ground 25 assigns error on admission of an incomplete sentence, which, so far as the ground discloses, was wholly unintelligible and meaningless. The sentence appears not to have been completed because the witness was interrupted by the objection interposed by counsel for the defendant. It is impossible to determine whether if completed the sentence would have been admissible, and since as it stood it meant nothing its admission was obviously harmless.

Grounds 26, 27 and 28 except to the exclusion of evidence so clearly inadmissible under the elementary principles of the law of evidence as to require no discussion.

There is a motion to assess damages against the defendant, the plaintiff in error here, because the appeal of the case was frivolous. Many of the points present interesting and intricate questions. The case is a close one. The motion is without merit and must be denied.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*